*264
ON REHEARING GRANTED

b KATZ, Judge.
A rehearing was granted to reconsider whether or not due consideration was given to the findings by the hearing officer in accordance with the “manifest error or clearly wrong” standard which is the standard by which the appellate court is to review the findings of the hearing officer. Smith v. La. Dept. of Corrections, 93-1305, p. 4 (La. 2/28/94), 633 So.2d 129, 132; Freeman v. Poulan/Weed Eater, 93-1530, pp. 4-5 (La. 1/14/94), 630 So.2d 733, 737-738.
“In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. Freeman, 93-1530 at p. 5, 630 So.2d at 737-38; Stobart v. State, 617 So.2d 880, 882 (La.1993)...
“Where there are two permissible views of the evidence, a factfinder’s choice between them can never be manifestly erroneous or clearly wrong. Stobart, 617 So.2d at 882.
“Thus, if the factfinder’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence Indifferently.” Sistler v. Liberty Mut. Ins. Co., 558 So.2d 1106, 1112 (La.1990); Banks v. Indus. Roofing & Sheet Metal, 696 So.2d 551, 556 (La. 1997).
In the case sub judiee, we now conclude after a review of the record that the hearing officer- — Hon. Clara E. Toombs- — was presented with two permissible views concerning the issue of the claimant’s cooperation with the vocational rehabilitation counselor. Therefore, the hearing officer’s factual findings were neither manifestly erroneous nor clearly wrong.
April 21, 1999.
However, the original opinion rendered herein adopted the view from the employer’s perspective, i.e., that the claimant did not cooperate with the vocational rehabilitation counselor and reversed the finding of the hearing officer that the claimant had cooperated and imposed the statutory penalty of reducing the claimant’s benefits by 50 %.
But after reconsideration of the record we now find that the factual findings by the hearing officer that the claimant, Clarence Winfrey, cooperated with the vocational rehabilitation counselor is also supported by the evidence in the record and this view is just as reasonable as that asserted by the employer. Hence, in accordance with the manifest error doctrine, which holds that “Where there are two permissible views of the evidence, a fact-finder’s choice between them can never be manifestly erroneous or clearly wrong.” Banks, supra, p, 556, we affirm the findings by the hearing officer.
Therefore, we reverse the opinion rendered herein on April 21, 1999, and reinstate the judgment of the hearing officer, finding that Clarence Winfrey did not refuse to cooperate with the vocational rehabilitation counselor and should not be penalized by having his benefits reduced by 50%.
TRIAL COURT JUDGMENT AFFIRMED.
LANDRIEU, J„ DISSENTS.